UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORREY MITCHELL,<br><br>    Petitioner,<br><br>    v.<br><br>MATTHEW ATCHLEY,<br><br>    Respondent. | Case No. 21-cv-06176-JST<br><br>**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, an inmate at Salinas Valley State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has paid the filing fee. ECF No. 1-2.

**DISCUSSION**

**A.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Petitioner's Claims**

Petitioner was convicted on March 24, 2004 of assault, robbery and carjacking in Los Angeles Superior Court. ECF No. 1-1 at 11. He was sentenced on April 17, 2004 to a term of 207 years to life with the possibility of parole, pursuant to the three-strikes law. ECF No. 1 at 1; ECF

No. 1-1 at 1, 11. Petitioner argues that his primary offense is assault with a firearm (Cal. Penal Code § 245(d)(2)), a non-violent crime, thus making him eligible for a parole hearing pursuant to Proposition 57. ECF No. 1-1 at 1. He alleges that he has been denied his right to a parole hearing pursuant to Proposition 57, in violation of the federal Equal Protection Clause and his state constitutional right to due process. ECF No. 1-1 at 2. For the reasons set forth below, this petition for a writ of habeas corpus is DENIED for lack of habeas jurisdiction.

**C.   Dismissal**

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998). Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 561 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). The Ninth Circuit clarified that if the claim "does not lie at the 'core of habeas corpus,' it may not be brought in habeas" and may only be brought under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487); *see also Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

Here, habeas jurisdiction is lacking because success on Petitioner's claim would not shorten or end his sentence. Eligibility for a parole hearing pursuant to Proposition 57 would only ensure Petitioner a parole hearing; it would not require Petitioner's immediate release from prison. Petitioner must still be found suitable for parole before he may be released from prison. Because Petitioner's claim falls outside the core of habeas corpus, his only potential recourse in federal court is to file a § 1983 complaint. *See, e.g., Skinner*, 561 U.S. at 533-34.

The Court DISMISSES this petition for a writ of habeas corpus for lack of federal habeas jurisdiction. The dismissal is without prejudice to Petitioner filing a new civil rights action asserting his challenge to the denial of a parole hearing pursuant to Proposition 57.

## CERTIFICATE OF APPEALABILITY

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus is DISMISSED, and a certificate of appealability is DENIED. The dismissal is without prejudice to Petitioner filing a new civil rights action challenging the denial of a parole hearing pursuant to Proposition 57. The Clerk shall send Petitioner two copies of the civil rights complaint form and close the file.

**IT IS SO ORDERED.**

Dated: August 30, 2021

_____
JON S. TIGAR
United States District Judge