1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    CORREY MITCHELL,                          Case No. 21-cv-06176-JST

8                     Petitioner,

9          v.                                   **ORDER GRANTING MOTION TO
                                                DISMISS; DISMISSING PETITION
10   TRENT ALLEN,                                FOR A WRIT OF HABEAS CORPUS;
                                                DENYING CERTIFICATE OF
11                   Respondent.                APPEALABILITY**

                                                Re: ECF No. 11

12

13          Petitioner, a state prisoner incarcerated at Salinas Valley State Prison,[1] filed this *pro se*

14   action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that the California

15   Department of Corrections and Rehabilitation ("CDCR") has extended his sentence from 205

16   years to life to a longer sentence of 251 years to life without authority.  *See generally* ECF Nos. 1,

17   10.  Respondent has filed a motion to dismiss.  ECF No. 11.  Petitioner has filed an opposition,

18   ECF No. 13, and Respondent has filed a reply, ECF No. 15.  For the reasons set forth below, the

19   Court GRANTS the motion to dismiss.

20                                      **BACKGROUND**

21   **I.      Petitioner's Underlying Conviction and Sentence**

22          On March 24, 2004, Petitioner was convicted in Los Angeles County Superior Court of

23   robbery (Cal. Penal Code § 211); carjacking (Cal. Penal Code § 236); assault on an officer with a

24   semi-automatic firearm (Cal. Penal Code § 245(b); and fleeing from an officer's pursuit (Cal.

25   Penal Code § 2800.2(a)).  ECF No. 1-1 at 11.  Pursuant to the Three Strikes Law, Petitioner was

26

27   ───────────────

28   [1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure,
     the Clerk of the Court is directed to substitute Warden Trent Allen as Respondent because he is
     Petitioner's current custodian.

*United States District Court*
*Northern District of California*

1    sentenced to a term of 207 years to life with the possibility of parole.  ECF No. 11 at 17-18, 74-76.

2         On April 6, 2016, a CDCR analyst revised Petitioner's CDCR legal status summary to

3    reflect a sentence of 251 years to life, stating "Per M/O and AOJ total term is 207 years to life but

4    error in calculation.  Inmate was sentenced as a 3rd striker total term should be 251 years to life.

5    Entered into SOMS according to 3rd striker."  ECF No. 13 at 16-17, 50.

6    **II.    Procedural Background**

7         On or about August 10, 2021, Petitioner commenced this action by filing the instant

8    petition for a writ of habeas corpus.  ECF No. 1.  On August 30, 2021, the Court screened the

9    petition and found that the petition alleged that Petitioner's primary offense was the non-violent

10   crime of assault with a firearm (Cal. Penal Code  § 245(d)(2)), and that the petition claimed that

11   the failure to grant Petitioner a Proposition 57 parole hearing therefore violated the federal Equal

12   Protection Clause and Petitioner's state constitutional right to due process.  ECF No. 7 at 1-2.  The

13   Court dismissed the petition for lack of habeas corpus jurisdiction, finding that success on this

14   claim would not shorten or end Petitioner's sentence because eligibility for a Proposition 57 parole

15   hearing would not necessarily result in Petitioner's immediate release from prison in that

16   Petitioner could be denied parole at the hearing.  ECF No. 7 at 2.

17        Petitioner filed a motion for reconsideration of the dismissal, arguing that the Court only

18   considered one of his three claims for federal habeas relief.  ECF No. 9.  On November 16, 2022,

19   the Court granted Petitioner's motion for reconsideration, vacated the Order of Dismissal and

20   related judgment, and reopened the case.  ECF No. 10.  The Court found that the petition stated

21   three cognizable claims for relief.  In addition to the Proposition 57 claim dismissed by the Court,

22   the petition also presented the following two claims: (1) the CDCR had changed Petitioner's

23   sentence without authority and (2) Petitioner's abstract of judgment and minute order were both in

24   error.  ECF No. 10 at 2-3.  The Court dismissed the latter claim with prejudice because the claim

25   involved a state procedural error that had no bearing on the fundamental fairness of the trial and

26   the error did not violate any federal constitutional or statutory provision.  ECF No. 10 at 3.  The

27   Court found that, liberally construed, the claim that the CDCR increased Petitioner's sentence

28   without authority stated a cognizable federal habeas claim, and ordered Respondent to file an

United States District Court
Northern District of California

1    answer.  ECF No. 10 at 4.

2                                  **DISCUSSION**

3    **I.     Motion to Dismiss**

4           Respondent argues that this habeas petition should be dismissed because (1) any error in

5    the legal status summary, the abstract of judgment, or the minute order is a matter of state law;

6    (2) the petition does not invoke habeas corpus jurisdiction because success on Petitioner's claim

7    will not necessarily spell speedier release; and (3) the petition is untimely.  *See generally* ECF

8    Nos. 11, 15.

9           In opposition, Petitioner argues that the petition invokes the Court's federal habeas

10   jurisdiction because the August 17, 2004 re-sentencing violated the Fifth Amendment's

11   prohibition on double jeopardy.  Petitioner argues that the petition is timely because he was not

12   certain he could not bring this claim until February 18 or 27, 2019, when he received, for the first

13   time, a copy of his August 17, 2004 sentencing transcript, and could conclusively prove that the

14   minute order and abstract of judgment were incorrect; and that he is entitled to tolling of the

15   limitations period from July 17, 2019 to April 22, 2020, when he was exhausting administrative

16   remedies for this claim, and from October 24, 2020 to July 14, 2021, when he was exhausting his

17   state court remedies.  Petitioner further argues that the California Supreme Court found his

18   petition to be timely on October 25, 2019, and notes that *In re Mohammad* was not decided until

19   January 3, 2022.

20   **II.    Analysis**

21          The Court agrees that Petitioner's claim alleging that the CDCR has incorrectly calculated

22   his sentence fails to state a cognizable federal habeas claim.  Federal courts lack habeas

23   jurisdiction over claims by state prisoners that are not within "the core of habeas corpus."  *Nettles*

24   *v. Grounds*, 830 F.3d 922, 927, 934 (9th Cir. 2016). A prisoner's claims are within the core of

25   habeas corpus if they challenge the fact or duration of his conviction or sentence.  *Id.* at 934.

26   "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at

27   'the core of habeas corpus,' and may be brought, if at all, under § 1983."  *Skinner v. Switzer*, 562

28   U.S. 521, 534 n.13 (2011) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 ( 2005)); *Nettles*, 830 F.3d

United States District Court
Northern District of California

1    at 934.  Petitioner has been sentenced to an indeterminate term with the possibility of parole, with

2    a specified minimum term that he must serve before he is eligible for parole.  *See* Cal. Penal Code

3    § 667(e)(2)(A).  The CDCR's change to Petitioner's sentence was a change to his minimum

4    eligible parole date, not to Petitioner's overall sentence.  Accordingly, Petitioner's claim is more

5    accurately described as challenging whether the CDCR correctly calculated the minimum term

6    that he must serve before he is eligible for parole.  Whether the minimum term has been correctly

7    calculated will not necessarily "spell speedier release" because California prisoners serving

8    indeterminate sentences may be released from prison only upon the parole authority's

9    determination that they are suitable for parole, which depends on assessment of a number of

10   factors probative of the risk to public safety.  *See* 15 Cal. Code Regs. § 2281; *In re Lawrence*, 44

11   Cal.4th 1181, 1202–03 (2008).  In other words, whether Petitioner's term is 191 years to life, 207

12   years to life, or 251 years to life, Petitioner will be released only when the parole board deems him

13   suitable for parole.[2]  Accordingly, Petitioner's success on the claim that the CDCR erred in

14   calculating his sentence as 251 years to life would not necessarily shorten his sentence and does

15   not invoke federal habeas jurisdiction.  *Nettles*, 830 F.3d at 934-35.

16        Petitioner argues that the Court has federal habeas jurisdiction because the August 17,

17   2004 re-sentencing violated the Fifth Amendment's prohibition on double jeopardy.  ECF No. 13

18   at 3-4.  This argument was not raised in the petition.  *See generally* ECF No. 1.  To the extent that

19   Petitioner seeks leave to amend his petition to add a claim of double jeopardy, the Court DENIES

20   leave to amend because amendment would be futile.  This claim appears to be unexhausted.

21   Petitioner has not presented this claim to the California Supreme Court.  *See generally* ECF No. 1-

22   1 at 10-60 (state habeas petition filed in California Supreme Court on April 23, 2021 raising

23   claims in this petition); ECF No. 11 at 20-97 (state habeas petition filed in California Supreme

24   Court on August 6, 2019, alleging violation of equal protection and due process clauses because

25   Petitioner was not given proper consideration of his sentence, CDCR Secretary lackced authority

26   to execute judgment because judgment and minute order not properly entered, and ineffective

27

28   _____
     [2] Moreover, pursuant to the Elderly Parole Program, Petitioner is eligible for parole on March
     2032, ECF No. 11 at 9, far earlier than the minimum terms at issue.

assistance of counsel).  Pursuant to 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted his state remedies, which requires that the petitioner's contentions be fairly presented to the state courts and disposed of on the merits by the highest state court.  *See* 28 U.S.C. § 2254(b); *see also James v. Borg*, 24 F.3d 20, 24 (1994).[3]

Because Petitioner's claim does not invoke federal habeas jurisdiction, the Court declines to address Respondent's remaining arguments.  The Court GRANTS Respondent's motion to dismiss on the grounds that the petition lacks federal habeas jurisdiction.

### CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard.  *Id.* § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

//

//

//

---

[3] Petitioner also presents the following additional challenges to his sentence in his opposition. Petitioner argues that when the CDCR increased his total term to 251 years to life on or about August 28, 2019, the CDCR violated his due process rights and subjected him to both arbitrary punishment and to cruel and unusual punishment.  *See* ECF No. 13 at 1-4.  To the extent that Petitioner seeks leave to amend the petition to add these additional legal claims, the Court DENIES leave to amend because these arguments also appear to be unexhausted.  *See generally* ECF No. 1-1 at 10-60; ECF No. 11 at 20-97.

United States District Court
Northern District of California

**CONCLUSION**

For the reasons stated above, the Court orders as follows.

1.      In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden Trent Allen as Respondent because he is Petitioner's current custodian.

2.      The Court GRANTS Respondent's motion to dismiss, ECF No. 11; DISMISSES the petition for a writ of habeas corpus for lack of federal habeas jurisdiction; and DENIES a certificate of appealability.  The Clerk shall enter judgment in favor of Respondent and close the file.

This order terminates ECF No. 11.

**IT IS SO ORDERED.**

Dated:  September 28, 2023



_____
JON S. TIGAR
United States District Judge